## ESTATE OF GEORGE L. HOWE.

No. 6894—April 12, 1876.

MERETRICIOUS RELATIONS RAISE NO PRESUMPTION OF A MARRIAGE, even where, for some temporary object or convenience, the parties assume to third parties the relation of husband and wife. Where a man's mistress is occasionally called by his name or purchases articles, with his knowledge as his wife, that, of itself, raises no presumption of an honorable connection, especially where, in other legal relations, the woman holds herself out as a *feme sole*.

Construing sections, C. C., 55; C. C. P., 1963.

*E. D. Sawyer*, for mother.

*A. C. Searle*, for alleged wife.

There are two applications for letters of administration: one by Mrs. Howe, the mother of deceased; and the other by Luisa, claiming to be the wife of deceased.

FACTS.

The claimant Luisa was Luisa Sanchez; she married one Miramontes, from whom she was afterwards divorced. After the divorce, she became acquainted, in the fall of 1867, with George L. Howe, then single. They frequently met for illicit purposes, at houses of ill-fame, and after a time he hired a room in a building at the corner of Montgomery and California streets, in this city, and they occupied it together as a lodging; they retained that room for some time, then removed to another, and so made various changes, continuing to rent rooms until his death in January, 1876. There was no ceremony of marriage between them, nor did he ever promise to marry her.

He had a mother, brothers and sister residing in this city and county, and prior to the commencement of his relations with Luisa he had resided with his mother, boarding and lodging at her house. After the commencement of his relations with Luisa he continued to board and lodge at his mother's house, but not regularly as before—he became quite irregular in his habits; he had no permanent lodging and boarding place ; sometimes he lodged and took meals at his mother's; sometimes he lodged at his store, and sometimes at the rooms occupied by Luisa, and took meals with her at restaurants. At the various places where they roomed together they were known as Mr. and Mrs. Howe; he spoke of her there as his wife; also at the restaurants; they were seen together several times on the street; and he took her two or three times to picnics. She made some purchases of articles of female apparel, of shopkeepers, in the name of Mrs. Howe, and he paid the bills; indeed, he supported her, and was with her whenever he desired. On some occasions, when he did not happen to be with her, she received visits from other men for illicit purposes, in consequence of which, on one occasion, she was compelled to remove from rooms then occupied by her. Among some of her friends they were known as Mr. and Mrs. Howe, but among his family and friends none had any idea that he was a married man; those who knew of his having relations with Luisa, supposed that the relations were those of man and mistress.

On the 4th of September, 1872, she, as Luisa Sanchez, executed a power of attorney to Geo. L. Howe; Dec. 29, 1873, she, as Luisa Sanchez, executed a deed of real estate to one Luco; she was also, in 1873, and 1874, as Luisa Miramontes, party to a suit in Fourth Judicial District Court for partition of some real estate owned by herself and some of her relatives; she also signed other papers, deeds and receipts, sometimes as Luisa Sanchez, sometimes as Luisa Miramontes. In none of these business transactions relating to her own property did Mr. Howe join her, although she sometimes advised with him as a friend.

Their relations were, from the commencement to the end, of a meretricious character.

### CONCLUSION OF LAW.

From the foregoing facts, the conclusion of law is that the petitioner, Luisa, was not the wife and is not the widow of the deceased.

Marriage will be presumed, where a man and woman live together as husband and wife, not for lust, but for honesty, and hold each other out to the world as such; but, as has been cogently remarked by the Judge of a sister Court, "If the cohabitation is shown to be meretricious, it furnishes no presumption of marriage, nor does an acknowledgment that they are man and wife furnish evidence of the marital relation, if made casually and to accomplish a temporary purpose."

The petition of Luisa for letters of administration is denied, and the petition of Mrs. Howe, mother of deceased, is granted. Let a decree be entered accordingly.